# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MILDRED ZARAGOZA,**

       **Plaintiff,**

**-vs-**                                                  **Case No. 6:07-cv-61-Orl-19DAB**

**SANFORD-ORLANDO KENNEL CLUB,**
**INC., COLLINS & COLLINS, d/b/a CCC**
**Racing, JACK COLLINS, JR.,**

       **Defendants.**

_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION FOR ATTORNEY'S FEES (Doc. No. 41)** |
| **FILED:** | **May 15, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |
| **MOTION:** | **MOTION TO STRIKE RENEWED MOTION FOR ATTORNEY'S FEES (Doc. No. 44)** |
| **FILED:** | **May 21, 2008** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

    In this Fair Labor Standards Act case, an offer of judgment for $9,250.00 was accepted by Plaintiff and entered as a judgment by Judge Antoon on May 7, 2008. Doc. No. 34. Judge Antoon

also ordered Plaintiff to file a statement of her attorneys' fees and costs. Doc. No. 32. On May 7, 2008, Plaintiff moved for a two-day extension to file the motion for fees because installation of the new time-record software counsel was "nearly catastrophic" and counsel was unable to access his time records to file in support of a motion for fees. Doc. No. 35. The Court granted the extension the following day. Plaintiff timely moved for fees on May 9, 2008 (Doc. No. 38); however, the motion was denied for failure to comply with Local Rule 3.01(g). Plaintiff re-filed the Motion on May 15, 2008, and Defendant responded with a Motion to Strike Plaintiff's Motion as untimely and for lack of a good faith conference. The Motion was not untimely, and the Rule 3.01(g) conference appears to have been appropriate (*see* Doc. No. 45); the parties are merely opposed as to whether Plaintiff is entitled to fees. The Motion to Strike is **DENIED**.

As to attorney's fees, the Fair Labor Standards Act provides that an individual employee whose employer violates § 209 is entitled to the unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorney's fee and costs. 29 U.S.C. § 216(b). Plaintiff seeks fees of $3,829.50, arguing all of the hours sought to be compensated are reasonable.

The American Rule provides that in the absence of legislation providing otherwise, each party must pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 244 (1975). Congress has provided limited exceptions to this rule, including 29 U.S.C. § 216(b), which makes an award of attorney's fees mandatory to the prevailing Plaintiff under the FLSA. *Weisel v. Singapore Joint Ventures, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). By virtue of the offer of judgment that Plaintiff accepted and judgment that was rendered on May 23, 2008, Plaintiff is the prevailing party; thus, she is entitled to an award of reasonable attorney's fees.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim,* 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985)

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d 1292 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990). With respect to rates, an applicant may meet her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the

value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

"Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 434. A fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal. *See Gray v. Lockheed Aeronautical Systems Co.*, 125 F.3d 1387 (11th Cir. 1997). Objections to time records must be specific and accompanied by an explanation supporting the challenge and, unless clearly non-compensable, all hours should be accepted. When a defendant has not disputed the plaintiff's computation of the amounts in the time records, the adjusted totals will be calculated simply by subtracting from the plaintiff's total the amounts that are determined to be excludable.

Plaintiff's attorneys have filed documentation supporting a claim of $3,829.50 in attorney's fees. Plaintiff's attorney, Mr. Pantas, accrued 11.4 hours at an hourly rate of $300; and paralegal time of 3.90 was expended at a rate of $105 per hour (which collectively total $3,829.50). Doc. No. 41-2. The Court has reviewed the Motion for Attorney's Fees and the exhibits, as well as the applicable law and Defendants' Response in Opposition to Plaintiff's Motion (Doc. No. 44), and finds that the hourly rates are reasonable. The Court has previously awarded the same rates for similar work by Mr. Pantas and his paralegal in other recent FLSA cases. *See, e.g.*, *Ochoa v. Alie Bros., Inc.*, No. 6:06-cv-609-Orl-DAB, 2007 WL 3334332 (M.D. Fla. Nov. 8, 2007). The Court also finds that the hours expended as set forth in the supporting schedules are reasonable. Doc. No. 41-3. Moreover, Defendants have not filed any substantive opposition to the reasonableness of the fees, only to the timing of the motion. Doc. No. 44.

It is respectfully **RECOMMENDED** that Plaintiff's Renewed Motion for Attorney's Fees (Doc. No. 41) be **GRANTED** and a cost judgment be entered for attorney's fees in the amount of $3,829.50.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 17, 2008.

*David A. Baker*

    DAVID A. BAKER
    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy